## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

STACEY W. BRACKENS, )
                    )
         Plaintiff, )   **CIVIL ACTION**
                    )
v.                  )   No. 06-1283-MLB
                    )
BEST CABS, INC.,    )
                    )
         Defendant. )
_____)

### MEMORANDUM AND ORDER

Before the court is plaintiff's pro se complaint filed September 21, 2006 (Doc. 1). For the following reasons, the case is dismissed.[1]

### Background

Since 2002, plaintiff has filed 13 cases in this court, six of which have been filed in 2006. In each of the 2006 cases, including this case, he has been granted leave to proceed in forma pauperis.[2] Plaintiff has sued the defendant in this case, Best Cabs, Inc., in

---

[1] Defendant filed a motion to dismiss after this Memorandum and Order was signed (Doc. 5). The motion is now moot.

[2] Brackens v. Stewart and Brackens, Case No. 06-2241, purports to be a suit over a will. Brackens v. Texas Health and Human Services Commission, Case No. 06-2320, purports to be an ADA and civil rights action alleging harassment, selective prosecution, public humiliation and breach of contract. Brackens v. Shield, Case No. 06-2405, purports to be a medical negligence case. Brackens v. J. Enterprises, Case No. 06-1205, purports to be a class action against a furniture rental company alleging race discrimination, breach of contract, extortion, strong arming, public humiliation and mental anguish, all arising out of a dispute over a dining room set. Brackens v. McClellan, Case No. 06-1166, is a continuation of Brackens' feud with his former neighbors.

Although the cases involve different parties and factual scenarios, each complaint features a rambling recitation of claims which is similar in tone, if not content, to those in this case.

three previous cases.  The first case, Case No. 02-1392 was disposed of by summary judgment and the Court of Appeals affirmed in an Order and Judgment filed July 28, 2005 (Case No. 04-3293).  The second case, Case No. 04-1259, was dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and the Court of Appeals affirmed in an Order and Judgment filed October 12, 2005 (Case No. 05-3039).  The third case, Case No. 04-1033 was voluntarily dismissed by plaintiff. Nonetheless, plaintiff's bizarre claims in Case No. 04-1033, provide background upon which to evaluate the claims made in this case.[1]

### The Allegations In this Case

The following allegations are extracted from plaintiff's present complaint insofar as they relate to Best Cabs:

> More than three years ago I filed a suit against Best Cab, Inc. after appeal that was ruled in favor of the defense. While that case was being litigated Best cab, as I claimed retaliated against the plaintiff for staying with the case. So I the plaintiff was once again forced to filed a second case against Best Cab Inc. for retaliation, that case never got pass scrutiny of the court.  Once again after appeal that case ended in favor of the Defense.  Case 1. was upheld back in August of 2005, the second case was also upheld in October of 2005 as well.  It is my position as well as a fact in my pleading this pending case, that because all that Best Cab has done to me and given the fact that all matters went unresolved that it would be a wise choice to flee the State of Kansas. . . .  Now if Best Cab had just answered the first complaint without any retaliation there would be no reason to fear, but in light of all that Best Cab has put me through I had to flee for my safety.  I must make it clear that this is not a repeat claim but all together new one. . . .  I can honestly say with great pain that Best Cab <u>Ran me out of town</u>.  I believe that this was done in great part because I am a black man, I base this on many thing surrounding the past three years, but one thing stands out strongly, Best Cab owner said to me through their attorney that they would have settled if I were not representing myself but if I had a lawyer.  Now what I really hear in statement was that they would have settled if I had a white lawyer, or even if myself were white.  Best Cab is without a doubted a very raciest company and they clearly demonstrated that to me

>    over the past three years. . . .  And since all that they
>    have done gone without vindication I honestly believe that
>    after the Courts latest ruling that there would be more
>    harassment. . . .  The Courts made it's last ruling in
>    October of 2005 and after I received that answer I fled
>    right away in the month of November of 2005 without delay
>    for fear. . . .  My proof to this case rest in those two
>    cases.  If this courts needs to believe me it only need
>    look there.  I believe that Best Cabs Inc. pass conduct was
>    no only to get me to drop the first case to also to drive
>    to and my family out of Wichita, Kansas. . . .

(Emphasis in original).

## Discussion

### Dismissal as Frivolous

In <u>Green v. Seymour</u>, 59 F.3d 1073, 1077 (10th Cir. 1995), the court observed:

>    Section 1915(d) of Title 28 authorizes a district
>    court to dismiss a forma pauperis case if the court is
>    "satisfied that the action is frivolous or malicious."  A
>    complaint "is frivolous where it lacks an arguable basis
>    either in fact or law," <u>Neitzke v. Williams</u>, 490 U.S. 319,
>    325, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).
>
>    This provision "accords judges not only the authority
>    to dismiss a claim based on an indisputably meritless legal
>    theory, but also the unusual power to pierce the veil of
>    the complaint's factual allegations and dismiss those
>    claims whose factual contentions are clearly baseless. . .
>    .  Examples of the latter class are claims describing
>    fantastic or delusional scenarios, claims with which
>    federal district judges are all too familiar." <u>Id.</u> at 327-
>    28, 109 S.Ct. at 1832-33.  Under this provision
>    "frivolousness is a decision entrusted to the discretion of
>    the court entertaining the in forma pauperis petition" and
>    "a § 1915(d) dismissal is properly reviewed for an abuse of
>    that discretion." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33-34,
>    112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

Section 1915(d) was redesignated and amended in 1996 and is now § 1915(e)(2)(B).[2]  P.L. 104-134.  The amended statute requires dismissal of a case which is frivolous or malicious, whether or not the filing fee has been paid.  <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1257-58 (10th Cir. 2006).

-3-

Even when the factual allegations of plaintiff's complaint are taken to the outer limits of liberal construction, it is plain that they are frivolous.  Plaintiff contends that Best Cabs' successful defense of his two prior lawsuits forced him to flee to Texas.  Such a claim is factually frivolous because it rises to the level of the irrational or the wholly incredible.  Best Cabs had every right to defend itself.  The claim is also legally frivolous because it is impossible for plaintiff to make a rational argument on the law and facts to support such a claim.  <u>Wiggins v. New Mexico Supreme Court</u>, 664 F.2d 812, 815 (10th Cir. 1981).  Going further, even if Best Cabs' lawyer made the statement attributed to him, plaintiff's "take" on the statement as having racial motivation is pure speculation which would not be admissible under Fed. R. Evid. 701(a) (assuming for purposes of discussion, that Best Cabs could be held responsible for the statement).  Finally, plaintiff's "belief" that Best Cabs would harass him after the last Court of Appeals' ruling is irrelevant because plaintiff does not allege that any harassment actually occurred. Accordingly, the case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

<u>Dismissal for Failure to State a Claim</u>

In the alternative, the case is dismissed for failure to state a claim.  <u>Id.</u> § (B)(ii).  The court is aware of its obligations with respect to a Rule 12(b)(6) dismissal.  However, even in a pro se case, the following rules also apply:

> On appeal, plaintiff first contends the district court failed to afford her complaint the benefit of all favorable factual inferences, as required when considering a Rule 12(b)(6) dismissal.  We disagree. Although plaintiff characterized certain of the defendant's statements in the

> affidavit as "false," and alleged that probable cause would have been vitiated if certain information had been included in the affidavit, <u>her characterizations are merely conclusory allegations, not well-pled facts which must be accepted as true. In conducting a Rule 12(b)(6) analysis, the court need not accept as true any conclusory allegations contained in the complaint.</u> <u>S. Disposal, Inc. v. Tex. Waste Mgmt.</u>, 161 F.3d 1259, 1262 (10th Cir. 1998).

<u>Coburn v. Nordeen</u>, 72 Fed.Appx. 744 **2 (10th Cir. 2003) (emphasis added).

The court recognizes its obligations under cases such as <u>Gaines v. Stenseng</u>, 292 F.3d 1222, 1224 (10th Cir. 2002). Nevertheless, it is patently obvious that plaintiff cannot prevail against Best Cabs on the facts alleged (victory by Best Cabs in plaintiff's prior suits "forcing" plaintiff's move to Texas). Any amendment would be futile.

### Conclusion

No person has the right to abuse the judicial system by harassing another with repeated meritless claims. <u>Schlicher v. Thomas</u>, 111 F.3d 777,781 (10th Cir. 1997). The case is dismissed in the interests of justice for the reasons stated herein.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is neither invited nor encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any motion for reconsideration will be limited to three double-spaced typewritten pages.

IT IS SO ORDERED.

Dated this   24th   day of October 2006, at Wichita, Kansas.

>                          s/ Monti Belot
>                          Monti L. Belot
>                          UNITED STATES DISTRICT JUDGE

1. In No 04-1033, plaintiff alleged, in part:

   > I bring suite against (Best Cab Inc. at 2555 N. market Wichita KS 67219) <u>FOR REASONS NAMED</u> It is my contentions that they ordered Michele Abushikha to file a false complaint against me for stalking.  Miss Abushika is not only a Best cab employee but a close friend of the owners of Best Cab Inc. as well.  I will prove at trial that this was so.  In having brought this False complaint I was arrested three times and I spent a total of 30 days in jails a result of this act.  I assert the claim in damages in the amount of $60,000.00
   >
   > \* \* \*
   >
   > I bring suite against Amy Mcclellan and Edward Sims at 3235 S. Euclid Wichita, KS 67217 FOR REASONS NAMED A.  making false complaint for stalking B. deformation of person for C. stilling wagon D. daughter coat E. stilling $70.00 in jury F. cutting a hole in canapé. G. ongoing harassment, H. false imprisonment, I. stress causing kiddy's to fail.  I assert the claim of $45,000.00 in damages.
   >
   > \* \* \*
   >
   >      I'm a dialysis patient and I dialogize three times a week which brings me to my complaint. Since starting back in December I have needed transportation to and from the dialysis center, that was provide by First Guard insurance/SRS. But that changed on 1/30/04. When I got to the center and made a phone call to set up a rides for the month of February I was told that they would no longer provide transportation due to the fact that I had a car. I replied that yes I do have a car but I can't drive after dialysis she replied that my wife could drive me since I had a car. We went back and forth yet to no avail. I hung

up the phone. It seems that First Class the transportation company in which I had been using to date had phone the insurance company/SRS and informed them that I had a car and based on that my ride was canceled. It didn't matter that I have three kids with special needs and that my wife also was and is on SSI, it doesn't matter that both of my two vans are broke down and that the one car that runs is a standard and my wife can't drive that car. So as it stands I have no way to diagnosis. I believe that first Guard made a hasty decision without having all of the fact yet I can't go to diagnosis without a ride back home. First Class called First Guard/SRS with the sole point to get the reaction and response that they got which was to play GOD and put a stop to any further rides for me even though I need to go to dialysis. I have not dialysis since 1/28/04 I will explain as I go. First Class called First Guard /SRS and lied by telling them that I canceled on Monday the 26th when it snowed when infect They did not arrive on time so I was forced to drive myself First Class must be hear at my home by 12:50 so that I can make it to my appointment by 1:15 I waited until 1:15 and when they did not come I hade to drive myself. First class didn't phone to say that they where going to be late and I didn't know if they where even coming so I drove myself I guess this upset First Class so much that they called SRS and told a lie and in doing so stopped any further rides for me. This is wicked.

    I have had an ongoing battling with SRS for the past four years, one battle which I'm adding to this suite was when a SRS worker lied and made a false stalking complaint which lead to me being jailed. Mrs. Denise Flimming told a few lies, one which sticks out is when she lied in open court saying that she "didn't work for SRS but some other state agency." She also lied when she said that I said that "I had been to jail and I wasn't a afraid to go back". I did make that statement. but I never made a statement of any kind to her yet she lead the court to believe that I infect

>made that statement to her. Because I can't get to dialysis I am forced to file this case in hast hoping that I can get the courts to order SRS to provide transportation to my dialysis appointment. Concerning Judge Pilshaw please see attachments it give some past history about my neighbor and judge Pilshaw. I made a complaint with the judicial board but I never heard back from them. In short Judge PILSHAW picked up a contempt stalking charge that the DA's office passed on. Judge Pilshaw tricked me into coming to court then she denied me a lawyer denied me a continuance and illegally put me in jail for 60 days. After serving 24 days I was then giving a lawyer who filed reconsideration and I was released. That still doesn't change the fact that I spent a total of 30 days wrongfully in jail thanks to Judge Pilshaw and my two neighbors Mrs. Amy McClellan and Edward Sims. Again please see attachments.
>
>Now concerning my dialysis before I went to jail I saw a kiddy doctor who pointed out that I had some concerns but all was well, so much that he didn't even give me a return visit. But after spending 24 days in jail my kiddy's quickly failed and I was placed on dialysis. I believe that because of all of the stress that I was put under with jail started by the lie that Best cab got one of their drivers to tell which was my first stalking case, that lead me to be arrested three times caused high blood pressure that caused my kiddy's to fail. I believe that Best Cab Inc. Amy McClellan, Edward Sims SRS, Walgreen's are all computable in this I will show at trial and prove that they are.

2. The vast majority of published decisions dealing with 28 U.S.C. § 1915 do not distinguish between the words "frivolous or malicious," even though the statute uses them in the disjunctive. One of the few cases which does make a distinction is <u>Hill v. Estelle</u>, 423 F. Supp. 690 (S.D. Tex. 1976) where the court found multiple suits making substantially identical previously-litigated claims to be malicious. <u>Id.</u> at 695.

3.   28 U.S.C. § 1915(e) provides:

>   (e)(1) The court may request an attorney to represent any person unable to afford counsel. (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>        (A) the allegation of poverty is untrue; or
>        (B) the action or appeal--
>             (i) is frivolous or malicious;
>             (ii) fails to state a claim on which relief may be granted; or
>             (iii) seeks monetary relief against a defendant who is immune from such relief.